Case 3:23-cv-00234   Document 20   Filed on 11/27/23 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
November 27, 2023
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:23-cv-234

Buc-ee's, Ltd., *et al.*, *Plaintiffs*,

v.

Building & Earth Sciences, Inc., *et al.*, *Defendants*.

### MEMORANDUM OPINION AND ORDER

Jeffrey Vincent Brown, *United States District Judge*:

Before the court is the plaintiffs' opposed motion to remand this action to the 412th District Court of Brazoria County. Dkt. 10. The court will grant the motion.

## I.   BACKGROUND

In June, Buc-ee's, Ltd., and two of its subsidiaries (collectively, "Buc-ee's") filed this lawsuit in state court in Brazoria County. Buc-ee's alleges that the defendants, Building & Earth Sciences, Inc., and Gonzalez-Strength & Associates, Inc., deficiently performed on professional-services contracts related to the construction of a travel center in Auburn, Alabama. Dkt. 1-4 at 1–18.

In its contract with Buc-ee's, Building & Earth "irrevocably submit[ted] to the exclusive jurisdiction and venue of **state courts and federal courts situated in Brazoria County, Texas**[,] in any legal suit, action, or proceeding arising out of or based upon this Agreement or the Services provided hereunder." *Id.* at 26 (emphasis added).

Similarly, in its contract with Buc-ee's, Gonzalez-Strength agreed that "[a]ny action or proceeding arising out of or relating to this Agreement or the Proposal shall be brought in **the state or federal courts situated in Brazoria County, Texas**, and each Party hereby submits to the personal jurisdiction and exclusive venue of such courts in any such action or proceeding." *Id.* at 57 (emphasis added).

In July, the defendants removed the action to this court, Dkt. 1, which sits on Galveston Island and hears cases from Brazoria, Chambers, Galveston, and Matagorda Counties.

Buc-ee's then moved to remand, arguing that this court is not "situated in Brazoria County." Dkt. 10.

## II. LEGAL STANDARD

"A contractual clause prevents removal where the clause amounts to a 'clear and unequivocal' waiver of removal rights." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, L.L.C., J.V.*, 847 F.3d 255,

257–58 (5th Cir. 2017) (citation omitted). "A party may waive its [removal] rights . . . by establishing an exclusive venue within the contract." *Id.* at 258 (citation omitted). "Ambiguous language cannot constitute a 'clear and unequivocal' waiver." *Id.* (citation omitted).

## III. ANALYSIS

Buc-ee's argues that the defendants clearly and unequivocally waived their right of removal because, at present, there is no federal court "situated in Brazoria County." Dkts. 10 at 5; 14 at 6. The defendants do not argue that this court is "situated in Brazoria County." *See* Dkts. 11, 12. Rather, they argue that the mention of "federal courts" in their contracts' forum-selection clauses evinces a clear intention to allow for removal to federal court and that this court is the appropriate court to which to remove a Brazoria County case. Dkts. 11 at 4 ("[T]he parties specifically reserved the right to litigate in the federal forum . . . ."); 12 at 2 (Gonzalez-Strength's response, joining Building & Earth's response "in its entirety"). The defendants also argue that, "at a minimum," the exclusive-venue provisions do not clearly and unequivocally waive the right to remove. Dkt. 11 at 4.

The court concludes that the clauses' explicit reference to federal courts neither makes this court a contractually permitted venue for this case nor renders the clauses ambiguous. Giving all the words within the clauses their

due weight, the court must first emphasize that it is not "situated in Brazoria County." Wisely, the defendants do not argue that it is. The court also notes that an acontextual, literal reading of the Buc-ee's–Building & Earth contract suggests that there are *multiple* federal courts situated in Brazoria County. Furthermore, if the forum-selection clauses at issue had merely provided for exclusive venue in "the courts situated in Brazoria County" (*i.e.*, had not referred explicitly to federal courts), the law would have effectively read the words "state or federal" into the clause. As here, the law would then have allowed this case to be tried in federal court *if* a federal courthouse were physically located in Brazoria County. *See, e.g.*, *All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 400 (5th Cir. 2008) ("[T]he clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county.").

But this is not a case like *Alliance Health Group* in which a forum-selection clause provides for exclusive venue in a county in which a district court is physically located. *Id.* Rather, it is a case like *Collin County v. Siemens Business Services, Inc.*, 250 F. App'x 45 (5th Cir. 2007), in which "a federal judicial district merely includes the county named in the forum-selection clause." *All. Health Grp., LLC*, 553 F.3d at 400. In *Collin County*,

the Fifth Circuit found "persuasive [a previous panel's] distinction between courts encompassing an area and those sitting in or hearing cases in an area." 250 F. App'x at 52. A federal court in the Northern District of Texas—citing *Collin County* in a case in which a forum-selection clause provided for venue "in federal or state court located in Rockwall County"—concluded that, "[i]f a forum[-]selection clause provides for venue in a federal or state court in a specific county, and there is no federal courthouse in the selected county, such a forum[-]selection clause mandates venue in the state courts sitting in that county." *Lake Point Advisory Grp., LLC v. Massenburg*, No. 3:19-CV-2407-X, 2020 WL 2042345, at *1 (N.D. Tex. Apr. 28, 2020). The court agrees with that statement of law.

Rejecting that conclusion, the defendants argue that "limit[ing] venue to only Brazoria County state courts because there are no federal courthouses physically located in Brazoria County" improperly "disregard[s] the expressed reservation of the right to maintain venue in federal court." Dkt. 11 at 8. Buc-ee's replies that "the term 'federal courts' can be included in a forum[-]selection clause simply as a means to account for the potential future construction of a federal courthouse in a specific county, even if no

such federal courthouse exists at the time of contracting."[1] Dkt. 14-1 at 7. The court agrees with Buc-ee's. The clauses' reference to federal courts provides for the possibility that there could come a day when a federal courthouse is physically located in Brazoria County. "[B]ut it is not this day."[2]

\*   \*   \*

For the reasons stated above, the court grants the motion to remand. Dkt. 10. The clerk is ordered to remand this action to the 412th District Court of Brazoria County.

Signed on Galveston Island this 27th day of November, 2023.

JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

[1] Buc-ee's rightly notes that, when the Fifth Circuit decided *Collin County*, "plans exist[ed] to build a new federal courthouse" in the contractually specified county. 250 F. App'x at 53. But, the court noted, "there was not, and never had been, a functioning federal courthouse, and no federal district court was then sitting or had ever sat, in Collin County at the time" of removal. *Id.* at 54. "All of the parties assumed that it would be impossible to try the case in federal court in Collin County; no party argued that the federal courthouse could or would be completed in time for a trial in this case." *Id.*

[2] THE LORD OF THE RINGS: THE RETURN OF THE KING (New Line Cinema 2003).